DR. A. A. OLIVER v. JEFF L. THOMASON, Executor.

Western Section. March 13, 1931.

Petition for Certiorari denied by Supreme Court, July 1, 1931.

Maddox & Maddox, of Huntingdon, for appellant.
J. W. Murphy, of Huntingdon, for appellee.

OWEN, J. The complainant's bill was dismissed and he has appealed. The complainant is a practising physician at Paris, Tennessee. He sought to recover $1800 on an account for medical services charged against Mrs. Cornelia Gordon, the defendant's testate.

The defendant filed an answer denying the account; complainant's account was not verified.

The bill did not allege that complainant was suing on a proven account coming from another county. The complainant gave his deposition, and at the hearing the following decree was entered:

Be it remembered this cause came on to be and was heard before Hon. Tom C. Rye, Chancellor, presiding in the Chancery Court at Huntingdon, Tennessee, on this the 16th day of August, 1930, upon the bill, the exhibits thereto, the answer and proof and exhibits and entire record in the cause and after consideration of all of which the Court is of the opinion that the exceptions made by the defendant to the testimony of complainant as to any transactions

had with him and the deceased, Cornelia Gordon, are well taken and same is sustained and said evidence is excluded.

The Court is of the. further opinion and so decrees that the complainant is not entitled to recover in this cause and has failed to make out his case by preponderance of evidence and it is therefore decreed that complainant's bill be dismissed and that he be taxed with all of the cost of this cause and a judgment therefor is rendered against him and L. C. Miller, the surety on his cost bond for all of the cost of the cause for which execution may issue.

Complainant excepts to the action of the Court in sustaining the exceptions made by defendant to the testimony as above shown and to the action of the Court in denying him any recovery or relief herein and in dismissing his bill and taxing him with the cost and prays an appeal therefrom to the Court of Appeals beginning ———— day of ————————— 1930, to be held at Jackson, Tennessee, which appeal is granted upon condition that complainant execute an appeal bond as required by law and for satisfactory reasons he is allowed thirty days in which to execute and file said appeal bond.

A proper appeal bond was executed and the complainant has assigned three errors as follows:

(1) The Chancellor erred in sustaining the objection of the defendant to the testimony of complainant, Dr. A. A. Oliver, as to his transactions with the deceased and as to the services rendered by him to her.

(2) The Chancellor misconstrued or misapplied the law and also misconstrued the facts. There is no dispute about the facts but the Chancellor misconstrued the facts or their effect on the rights of the complainant and also misapplied the law applicable to those facts.

(3) The Chancellor was in error in dismissing complainant's bill and denying him any recovery and refusing to give any relief in this cause and in taxing him with the costs.

The first two assignments of error do not comply with the rules of this Court. The first assignment does not refer to any page of the record, stating the objections sustained as to complainant's testimony; the second assignment is too general, however, we will consider these two assignments along with the third assignment, as to whether or not there was any error in dismissing complainant's bill, and denying him any relief.

The complainant's deposition covers twelve pages of the transcript. It is shown by this deposition that the complainant resides in Paris, Tennessee, and is engaged in the practice of medicine and surgery. He had been practicing medicine for twenty years, and he was a graduate of the University of Tennessee.

The deceased, Mrs. Cornelia Gordon, died in August, 1925. She resided, during her illness and at the time of her death, at McKenzie, Tennessee. Her regular physician was Dr. Harry L. Alexander, who lived in McKenzie. McKenzie is about twenty miles from complainant's home. The deceased was a widow, her husband having been, during his lifetime, a practicing physician.

The defendant excepted to all statements by the witness as to his charges against the deceased, and relies upon Section 5598 of Shannon's Code relative to the testimony of the witness being incompetent. Here it is undertaken to prove conversations and transactions between the witness and the deceased, the witness not having been called to testify by the opposite party. The defendant entered ten or more exceptions to the complainant's testimony, and evidently all of the evidence excepted to was excluded by the Chancellor as he states that defendant's exceptions are sustained; none of this excluded testimony was preserved by a bill of exceptions neither did complainant bring himself within the provisions of the Acts of 1905, Chapter 49, being Section 4836a1-2 of Shannon's Code, which provides that the Chancellor may note his ruling as to excepted testimony upon the margin of the deposition.

We are of the opinion that there is no error as to the Chancellor's decree in regard to the exclusion of plaintiff's testimony. Section 5598 of Shannon's Code provides as follows:

"In actions or proceedings by or against administrators or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

The complainant also undertook to testify that Dr. Alexander, the testate's regular physician, called the complainant in consultation. Dr. Alexander was not called as a witness; this was undertaken to prove a transaction with the deceased by and through her agent. This is not permissible. Cottrell v. Woodson, 11 Heiskell, 681.

It is well settled that evidence excluded by a Chancellor cannot be considered by this Court unless made part of the record by bill of exceptions, or unless spread upon the minutes with the exceptions and the actions of the Chancellor thereon, or shown upon the margin of the deposition, and the ruling on the exception stated on the margin by the Chancellor.

The complainant having failed to prove any services rendered the testate by competent evidence, he has failed to show, in a legal way, that he is entitled to any recovery.

It results that the assignments of error are overruled and disallowed; the judgment of the lower Court is affirmed, execution will issue against the complainant and his surety on appeal bond for the costs of the cause.

Heiskell and Senter, JJ., concur.